Matter of Liquidation of Midland Ins. Co. (2019 NY Slip Op 02961)





Matter of Liquidation of Midland Ins. Co.


2019 NY Slip Op 02961


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9027 41294/86

[*1]In re Liquidation of Midland Insurance Company
The ASARCO Asbestos Personal Injury Settlement Trust, Claimant-Respondent,
v
Superintendent of Financial Services of the State of New York in Her Capacity as Liquidator of Midland Insurance Company, Respondent-Appellant.


DLA Piper LLP (US), New York (Aidan M. McCormack of counsel), for appellant.
Anderson Kill L.L.P., New York (Rhonda D. Orin of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 28, 2018, which denied appellant's motion to reject the referee's report dated November 28, 2016, unanimously affirmed, without costs.
The motion court correctly concluded that losses covered under the insurance policies at issue as a result of asbestos exposure that occurred over the course of multiple successive policy periods must be allocated pursuant to the "all sums" method, as generally required, rather than pro rata across the successive policies (see Matter of Viking Pump, Inc., 27 NY3d 244, 260-261 [2016]). This Court has determined that the language of the excess insurance policies issued by Midland Insurance Company provides that the policies follow form to, i.e., incorporate (see id. at 252), the language of the non-cumulation clauses of the underlying policies issued by American Home Assurance Company (see Matter of Midland Ins. Co., 269 AD2d 50, 64 [1st Dept 2000], abrogated in part on other grounds 16 NY3d 536 [2011]). The non-cumulation clauses "plainly contemplate that multiple successive insurance policies can indemnify the insured for the same loss or occurrence by acknowledging that a covered loss or occurrence may also [be] covered in whole or in part under any other excess [p]olicy issued to the [insured] prior to the inception date' of the instant policy," thereby rendering all sums the appropriate allocation method (Viking Pump, 27 NY3d at 261). Moreover, vertical exhaustion, which is consistent with an all sums allocation, is required here (id. at 264-265).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK